## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ALLEN JOHNE BAUGHMAN,

    Petitioner,

    v.                                          Case No. 04-C-1110

JEFFREY P. ENDICOTT
Warden, Redgranite Correctional Institution,

    Respondent.

## DECISION AND ORDER

### NATURE OF THE CASE

On November 15, 2004, petitioner Allen Johne Baughman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner's probation was revoked on March 14, 2000, and he was sentenced to a 10-year term of imprisonment. By his petition, the petitioner challenges the March 14, 2000, decision of the Division of Hearings and Appeals revoking his probation on the ground that his probation was revoked pursuant to an unlawful arrest, resulting in the denial of his Fourteenth Amendment right to due process.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis).

This court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By an order dated December 2, 2004, this court determined that "it does not plainly appear from the 'face of the petition' that the petitioner is not entitled to relief." (Court's Order of December 2, 2004, at 1-2). Thus, this court ordered the respondent, Warden Philip A. Kingston of the Waupun Correctional Institution, to answer the petition for writ of habeas corpus.[1] On January 5, 2005, the respondent answered the petition. The parties subsequently briefed the petition for a writ of habeas corpus and, therefore, the petition is ready for disposition and will be addressed herein.

## RELEVANT FACTUAL BACKGROUND[2]

On July 2, 1998, the petitioner was convicted of the following: 1) theft of movable property in violation of Wis. Stat. § 943.20(1)(a); 2) criminal trespass to a dwelling under Wis. Stat. § 943.14; and 3) forgery-uttering pursuant to Wis. Stat. § 943.38(2). (Respondent's Brief in Opposition to Petition for Writ of Habeas Corpus [Respondent's Brief] Ex. A at 1). On the same day, the petitioner was sentenced to three years imprisonment for the theft count, three years imprisonment for the trespass count, and six years imprisonment for the forgery count. Id. The sentences were imposed concurrent to each other, but consecutive to any sentence the petitioner was currently serving. Id. The court stayed the petitioner's sentences and ordered that he be placed on probation for six years for the theft, three years for the trespass, and six years for the forgery. Id.

---

[1]By order of March 30, 2005, Jeffrey P. Endicott was substituted as the respondent in this action in place of Philip Kingston.

[2]The respondent has attached to his Brief in Opposition to Petition for Writ of Habeas Corpus four exhibits identified as Exhibits A-D. Exhibit B is divided into five sub-parts referred as Exhibits A-E. In the interest of simplicity, the court will refer to these sub-parts as Exhibits B:1-5.

2

On November 15, 1999, the petitioner failed to report to his agent in violation of the terms of his probation. (Respondent's Brief, Ex. B:1 at 3). The next day, November 16, 1999, the petitioner further violated his probation when he left the State of Wisconsin without obtaining prior approval from his agent and traveled across the state line in a stolen vehicle. Id. (The petitioner was subsequently apprehended in St. John's County, Florida. (Respondent's Brief, Ex. B:3 at 11). The petitioner was then returned to the State of Wisconsin. Id.

The petitioner's probation revocation hearing was held at the Rock County Jail in Janesville, Wisconsin on February 7, 2000. (Respondent's Brief, Ex. B:2). The presiding Administrative Law Judge (ALJ) held that the petitioner's probation supervision should not be revoked. (Respondent's Brief, Ex. B:4). However, the Wisconsin Department of Corrections (DOC) appealed the ALJ's decision to the Division of Hearings and Appeals (DHA). (Respondent's Brief, Ex. B:5 at 1-3). On March 14, 2000, the DHA reversed the ALJ's decision and ordered that the petitioner's probation supervision be revoked. (Respondent's Brief, Ex. B:5 at 21-22). As a result, the petitioner was ordered to serve the sentences imposed in 1998. Id.

The petitioner appealed the DHA's decision to the Rock County Circuit Court, arguing that the DHA improperly revoked his probation when reasonable and feasible alternatives to revocation existed. (Respondent's Brief, Ex. C). On August 19, 2000, Circuit Court Judge John W. Roethe affirmed the petitioner's probation revocation and denied his petition for a writ of certiorari. Id. Because the August 19, 2000, decision was issued prior to receipt of the petitioner's reply brief, the court issued another decision on September 13, 2000, affirming the prior order. (Respondent's Brief, Ex. D). The petitioner did not further appeal his probation

3

revocation in state court. (Petitioner's Reply to Respondent's Brief in Opposition to Petition for Writ of Habeas Corpus [Petitioner's Reply] at 2). On November 15, 2004, the petitioner filed a petition for a writ of habeas corpus in this court.

**ANALYSIS**

The petitioner contends that he is incarcerated because his probation was revoked pursuant to an unlawful arrest which violated his due process rights. (Petition for Writ of Habeas Corpus [Petition] at 5-6). Specifically, he claims that there was no basis to revoke his probation because two of the three crimes he committed (failing to report to his agent and leaving the state without permission) were minor, and he was never charged for the third crime (theft). Id. The Court of Appeals for the Seventh Circuit has held that 28 U.S.C. § 2254 requires that:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries - whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is 'no,' the petition is barred either for failure to exhaust state remedies or for a procedural default.

Verdin v. O'Leary, 982 F.2d 1467 (7th Cir. 2002)(quoting Henderson v. Thieret, 859 F.2d 492, 496 [7th Cir. 1988]). Thus, the petitioner must first give the state courts a fair opportunity to address his claims and to correct any error of constitutional magnitude. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). Fair presentment requires that the petitioner raise his constitutional claim at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004)(citing O'Sullivan, 526 U.S. at 845).

The issue of "fair presentment" is also a useful approach for analyzing procedural default. Verdin, 972 F.2d at 1473 (citing United States ex rel. Sullivan v. Fairman, 731 F.2d

4

450, 453 n.4 [7th Cir. 1984]["The analysis dealing with whether a state court has been fairly apprised of potential constitutional ramifications of a claimed trial court error is equally applicable to waiver cases."]). A petitioner must have presented his claims "at the time and in the way required by state law." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir. 1999).

The petitioner does not contend that he presented to the state courts a claim that his due process rights were violated as a result of being falsely arrested. Indeed, he concedes that he failed to make such efforts. Moreover, the petitioner did not appeal the circuit court's September 13, 2000, order affirming his probation revocation. Instead, he proceeded to file the current petition for a writ of habeas corpus in federal court. Based on the foregoing, the petitioner has procedurally defaulted his due process claim. See O'Sullivan, 526 U.S. at 845 (Before presenting a claim in federal court, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Because this court finds that the petitioner's due process claim is procedurally defaulted, it may grant habeas relief on this ground only if the petitioner can show cause and prejudice for his failure to exhaust his claim, or that failure to review it on these procedural grounds would result in a fundamental miscarriage of justice. Todd v. Schomig, 283 F.3d 842, 848 (7th Cir. 2002). "The Supreme Court has defined cause sufficient to excuse procedural default as 'some objective factor external to the defense' which precludes petitioner's ability to pursue his claim in state court." Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002)(quoting Murray v. Carrier, 477 U.S. 478, 488 [1986]). A "fundamental miscarriage of justice" is shown where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999)(quoting Murray, 477 U.S. at 495-96).

5

"This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." Rodriguez, 193 F. 3d at 917.

Here, the petitioner argues that ineffective assistance of counsel is sufficient to establish cause. (Petitioner's Brief in Support of Petition for Writ of Habeas Corpus [Petitioner's Brief] at 2). The petitioner contends that his due process claim was procedurally defaulted due to his attorney's failure to file an appeal of his probation revocation with the Wisconsin Court of Appeals. Id. Although ineffective assistance of counsel may establish cause to excuse a procedural default in a § 2254 petition, ineffectiveness of counsel is, itself, a constitutional claim that must be raised before the state court or be procedurally defaulted. Edwards v. Carpenter, 529 U.S. 446 (2000). In other words, "a claim of ineffectiveness must itself have been fairly presented to the state courts before it can establish cause for procedural default of another claim." Lewis, 390 F.3d at 1026 (citing Edwards, 529 U.S. at 452-54).

The petitioner makes no claim that he presented his ineffective assistance of counsel claim to the state judiciary. Since the petitioner did not raise an ineffectiveness of counsel claim in any state court proceeding, such claim was never fully and fairly presented to the state courts for review and it is therefore procedurally defaulted. See O'Sullivan, 526 U.S. at 1733. Thus, such claim cannot serve as cause to excuse the procedural default of the due process claim. Edwards, 529 U.S. at 452-54.

Because the court has concluded that the petitioner has not shown cause for his procedural default, it is not necessary to consider whether the petitioner has satisfied the prejudice prong of the cause and prejudice test. Henderson v. Cohn, 919 F.2d 1270, 1273 (7th Cir. 1990). Furthermore, the petitioner has presented no reason (other than a bald assertion)

to conclude that his probation revocation was a "fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

In sum, the petitioner has procedurally defaulted his claim that his probation was revoked pursuant to an unlawful arrest, thereby denying the petitioner his due process rights. Moreover, he has failed to show cause and prejudice so as to excuse his procedural default. Accordingly, the petitioner's claims are dismissed and his petition for certiorari is denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied.**

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed.**

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 3rd day of November, 2006.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge